

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-20-2005

# Olyphant v. PPL Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3283

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Olyphant v. PPL Corp" (2005). *2005 Decisions.* Paper 373.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/373

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 04-3283 and 04-4295 (consolidated)

———

BOROUGH OF OLYPHANT,

Appellant

v.

PPL CORPORATION; PPL ELECTRIC UTILITIES CORPORATION; PPL
GENERATION, LLC

Appellees.

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No.: 03-cv-4023)

District Judge: The Honorable William Yohn, Jr.

———

Submitted pursuant to LAR 34.1(a)
on September 27, 2005.

Before: RENDELL, FUENTES,
and GARTH, Circuit Judges

(Filed:  October 20, 2005)
_____

OPINION OF THE COURT
_____

Fuentes, Circuit Judge.

Plaintiff Borough of Olyphant, Pennsylvania ("Olyphant") appeals the District Court's orders: 1) denying a joint motion by Olyphant in its case Borough of Olyphant v. PP&L, et al. (Docket No. 03-4023) and fourteen plaintiffs, including Olyphant, in another case, Borough of Lansdale, et al. v. PP&L et al. (Docket No. 02-8012) (the "Lansdale action") to consolidate the two cases; 2) granting summary judgment to PPL dismissing Olyphant's claims; and 3) denying Olyphant's motion for summary judgment on PPL Corporation's ("PPL") counterclaims, and granting summary judgment in favor of PPL on one of PPL's counterclaims against Olyphant. Because Olyphant has not demonstrated that the District Court abused its discretion in denying the motion to consolidate, and substantially for the reasons stated in the District Court's opinions dated May 14, 2004, and August 19, 2004, we will affirm.

I.

Because we write only for the parties, we recite only the essential facts. Olyphant is a municipal corporation organized and existing under Pennsylvania law. PPL is the parent holding company of companies engaged in, among other things, electricity generation, the marketing and trading of wholesale electricity, and electric supply to retail customers. PPL sells power at wholesale to Olyphant, but also competes with Olyphant for retail customers.

On May 8, 1996, the Federal Energy Regulatory Commission (the "FERC"), which regulates the sale of wholesale power, issued Order No. 888, which required the

2

unbundling of the wholesale power market and permitted previously monopolistic wholesalers to recover from customers"stranded costs" which they would lose as a result of deregulation. Olyphant and several other Pennsylvania boroughs filed a proceeding before the FERC to determine their liability for stranded costs. On January 29, 1998, PPL and the boroughs reached a settlement (the "Power Supply Agreement"), which resolved that PPL would not seek stranded costs from the Boroughs.

On April 1, 1997, pursuant to Pennsylvania's Electricity Generation Customer Choice and Competition Act (the "Competition Act"), 66 Pa.Cons.Stat. §§ 2801 *et seq.*, which effectively deregulates the business of electricity generation in Pennsylvania, PPL submitted a restructuring plan to the Pennsylvania Public Utility Commission (the "PUC"), which included proposed rates and stranded costs that were recoverable under the Competition Act. After significant debate in response to the proposal, during which many boroughs filed suit in state or federal court, the PUC approved a Joint Petition for Full Settlement of PP&L, Inc.'s Restructing Plan and Related Court Proceedings ("Joint Petition") on August 27, 1998.

On December 5, 2001, Olyphant filed suit in the Middle District of Pennsylvania asserting breach of contract and violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and of Section 2 of the Clayton Act, 15 U.S.C. § 13. PPL asserted three counterclaims, and moved for summary judgment. The case was subsequently transferred to the Eastern District of Pennsylvania with the motions for summary judgment still

3

pending. On November 10, 2003, the District Court denied the motion made by Olyphant and the boroughs that were parties in the Lansdale action, including Olyphant, for consolidation of the cases. On May 14, 2004, the District Court issued an opinion and order granting summary judgment dismissing Olyphant's breach of contract claim and its claim under Section 1 of the Sherman Act and Section 2 of the Clayton Act, and granting summary judgment dismissing Olyphant's claim under Section 2 of the Sherman Act without prejudice to Olyphant's ability to pursue the claim in the Lansdale action. Borough of Olyphant v. PP&L, Inc., No. 03-4023, 2004 WL 1091037 (E.D. Pa. May 14, 2004). The District Court denied Olyphant's motions for summary judgment on PPL's counterclaims. Id. On August 19, 2004, the District Court granted PPL's motion for summary judgment as to PPL's counterclaim that Olyphant had breached the dispute resolution clause of the power supply agreement between the parties, but denied PPL's motion for summary judgment on its counterclaims for tortious interference with contractual relations. Borough of Olyphant v. PP&L, Inc., No. 03-4023, 2004 WL 1858045 (E.D. Pa. Aug. 19, 2004).

II.

This Court reviews the District Court's ruling on the motion to consolidate for abuse of discretion. See, e.g., Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995). An abuse of discretion exists "only when the judicial action is arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." Evans v.

4

Buchanan, 555 F.2d 373, 378 (3d Cir. 1977). The moving party bears the burden of proof on a motion to consolidate. Klimarski v. Parexel Intern, No. CIV. A. 05-298, 2005 WL 857350, at *2 (E.D. Pa. Apr. 4, 2005); Farahmand v. Rumsfeld, No. CIV. A. 02-1236, 2002 WL 31630709, at *1 (E.D. Pa. Nov. 20, 2002).

The District Court's rulings on the motions for summary judgment are subject to plenary review. See Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002). We apply the same test employed by a district court under Federal Rule of Civil Procedure 56(c). See Kelley v. TYK Refractories Co., 860 F.2d 1188, 1192 (3d Cir. 1988).

### III.

Olyphant argues that it was an abuse of discretion for the district court to deny the motion to consolidate because it precluded Olyphant from benefitting from additional discovery in the Lansdale action. A district court has broad discretion when determining whether consolidation is appropriate. See Farahmand, 2002 WL 31630709, at *1. At the time the district court denied the motion to consolidate, fact discovery in this case had been closed for nearly a year, while fact discovery in the Lansdale action had just begun and would not close until July 2004. It is within a district court's broad discretion to deny a motion to consolidate if it would cause delay in one of the cases, or if one of the cases is further into discovery than the other case. Id. (citing 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2383 (Civil 2d. 2004)). Therefore, the district court did not abuse its discretion in denying the motion to consolidate.

5

Olyphant also argues that the district court erred in granting summary judgment dismissing its breach of contract claim and its claims under Sections 1 and 2 of the Sherman Act and Section 2 of the Clayton Act, denying its motion for summary judgment with respect to PPL's counterclaims, and granting summary judgment in favor of PPL with respect to PPL's counterclaim for breach of the dispute resolution clause. Olyphant argues that the district court failed to recognize material issues of fact with respect to its claims, that the district court did not consider the evidence it submitted in opposition to Appellees' motion for summary judgment on one of their counterclaims, and that the district court erred in denying Olyphant's motion to modify the scheduling order to extend the period in which dispositive motions may be filed. We have carefully considered Olyphants's arguments on this appeal and find that they lack merit. For the reasons stated in the District Court's well-reasoned and thorough opinion, we find that summary judgment was properly granted. We therefore affirm.

———